FILED
IN CLERKS OFFICE
2026 NOV -9 P 1:03
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

TERENCE NASHAWN GLENN,

individually and as Lead Architect and CEO of Integrity Oxygen Holdings LLC,

Plaintiff,

v.

MASSABILITY (FORMERLY MASSACHUSETTS REHABILITATION COMMISSION), IN ITS OFFICIAL CAPACITY, AND ITS DESIGNATED OFFICIALS AND AGENTS,

Defendants.

Civil Action No. [To Be Assigned]

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COMPENSATORY DAMAGES

(JURY TRIAL DEMANDED)

I. NATURE OF THE ACTION

1. Plaintiff Terence Nashawn Glenn brings this federal civil rights action pro se against Defendant MassAbility for unlawful administrative obstruction, systemic failure to provide reasonable accommodations, and the wrongful withholding of mandatory vocational rehabilitation services and funding.

2. Plaintiff seeks immediate declaratory and injunctive relief, alongside compensatory damages, pursuant to the Rehabilitation Act of 1973 (29 U.S.C. § 720 et seq. and 29 U.S.C. § 794), Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et seq.), the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983, and implementing federal regulations including 34 C.F.R. Part 361.
3. Specifically, Plaintiff challenges Defendant's refusal to timely execute, fund, and implement Plaintiff's Triple Verified Individualized Plan for Employment (IPE) for his independent self employment track as Lead Systems Architect, Independent Text Designer, and CEO of Integrity Oxygen Holdings LLC, as well as Defendant's failure to honor Plaintiff's mandatory written communication directives.

## II. JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as the claims arise under the Constitution and laws of the United States, specifically 29 U.S.C. § 722(c)(5)(J), 29 U.S.C. § 794, 42 U.S.C. § 12132, and 42 U.S.C. § 1983.
5. This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.
6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because Defendant is a state agency operating within the Commonwealth of Massachusetts and a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, including in Boston, Massachusetts.

## III. PARTIES

7. Plaintiff Terence Nashawn Glenn is a natural person, a qualified individual under federal civil rights statutes, a Systems Architect and systems engineer, and the Lead Architect and CEO of Integrity Oxygen Holdings LLC, residing in Boston, Massachusetts.
8. Defendant MassAbility (formerly the Massachusetts Rehabilitation Commission) is the designated state unit in the Commonwealth of Massachusetts responsible for administering the federal and state Vocational Rehabilitation program pursuant to the Rehabilitation Act of 1973. MassAbility is a public entity within the meaning of Title II of the ADA (42 U.S.C. § 12131(1)) and is a recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

## IV. FACTUAL ALLEGATIONS

9. Plaintiff is an eligible and qualified recipient of vocational rehabilitation services administered by Defendant MassAbility.
10. Pursuant to federal mandates governing informed choice under 29 U.S.C. § 722(b) and 34 C.F.R. § 361.52, Plaintiff selected an independent, self directed vocational goal as Lead Systems Architect, Independent Text Designer, and CEO of Integrity Oxygen Holdings LLC.
11. Plaintiff formally submitted a comprehensive, Triple Verified Individualized Plan for Employment (IPE) package to Defendant. This package included:

    a. Form 1: Triple Verified Individualized Plan for Employment detailing required funding for independent stabilization, enterprise hardware, physical transport gear, exhibition

logistics, and postal coordinates;

b. Form 2: Informed Choice and Self Employment Addendum formally rejecting congregate or shared vendor models;

c. Form 3: Mandatory ADA Title II Written Communication Directive requiring all agency correspondence to be transmitted in writing to Plaintiff's designated electronic mail and postal coordinates;

d. Form 4: Expedited Procurement, Aid Paid Pending, and Barrier Buster Request invoking statutory continuity of services; and

e. Form 5: Triple Verification Attestation confirming statutory compliance and operational alignment.

12. Under 29 U.S.C. § 722(b) and 34 C.F.R. § 361.45, Defendant is legally obligated to develop and implement the IPE in a manner that affords eligible individuals the opportunity to exercise informed choice in selecting an employment outcome, the specific vocational rehabilitation services to be provided, and the entities that will provide those services.

13. Furthermore, under Title II of the ADA and 28 C.F.R. § 35.160, Defendant is legally required to take appropriate steps to ensure that communications with Plaintiff are as effective as communications with others, including honoring Plaintiff's directive for written communication to prevent administrative miscommunication and preserve an accurate record.

14. Despite Plaintiff's complete statutory submissions and clear directives, Defendant has failed and refused to timely approve, fund, and execute Plaintiff's independent self

employment IPE, and has obstructed the release of essential stabilization and procurement resources necessary for Plaintiff to operate Integrity Oxygen Holdings LLC.

15. Defendant's ongoing delay, administrative stonewalling, and refusal to release funds constitute a constructive denial of services without due process and directly threaten Plaintiff's independent livelihood, housing stability, and commercial operations.

V. CAUSES OF ACTION

COUNT I

Violation of Title I of the Rehabilitation Act of 1973 and Implementing Regulations

(29 U.S.C. § 722; 34 C.F.R. Part 361; 42 U.S.C. § 1983)

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. Title I of the Rehabilitation Act creates enforceable rights under 29 U.S.C. § 722(b) and (c) guaranteeing eligible individuals the right to an Individualized Plan for Employment developed through informed choice, timely provision of vocational rehabilitation services, and continuity of services pending administrative review under 29 U.S.C. § 722(c)(7) and 34 C.F.R. § 361.57(b)(4).

18. By refusing to process, approve, and fund Plaintiff's Triple Verified IPE for his self employment track and withholding expedited procurement and stabilization resources, Defendant has deprived Plaintiff of his federal statutory rights under color of state law.

COUNT II

Violation of Title II of the Americans with Disabilities Act

(42 U.S.C. § 12131 et seq.; 28 C.F.R. Part 35)

19. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.
20. Title II of the ADA mandates that no qualified individual shall, by reason of such status, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
21. Under 28 C.F.R. § 35.130(b)(7) and § 35.160, a public entity must make reasonable modifications in policies, practices, or procedures and ensure effective communication.
22. Defendant violated Title II of the ADA by failing to honor Plaintiff's Mandatory Written Communication Directive, obstructing his access to independent self employment vocational benefits, and refusing reasonable modifications required to facilitate immediate resource procurement.

COUNT III

Violation of Section 504 of the Rehabilitation Act of 1973

(29 U.S.C. § 794)

23. Plaintiff incorporates by reference paragraphs 1 through 22 as if fully set forth herein.
24. Defendant receives federal financial assistance to operate its vocational rehabilitation programs.
25. Defendant has excluded Plaintiff from participation in, denied him the benefits of, and subjected him to discrimination under its federally funded program by arbitrarily

withholding approval and funding for his independent systems architecture and enterprise track while failing to accommodate his communication and operational directives.

COUNT IV

Violation of Fourteenth Amendment Procedural Due Process

(42 U.S.C. § 1983)

26. Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth herein.
27. Plaintiff possesses a constitutionally protected property and statutory entitlement interest in the vocational rehabilitation services, informed choice protections, and continuity of services guaranteed under federal law.
28. Defendant's constructive denial, indefinite delay, and withholding of IPE execution and barrier buster funds without proper statutory notice or adherence to federal procedural safeguards violate the Due Process Clause of the Fourteenth Amendment.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Terence Nashawn Glenn respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. Issue a declaratory judgment that Defendant's failure to execute and fund Plaintiff's Triple Verified IPE and failure to strictly adhere to his written communication directives violate the Rehabilitation Act of 1973, Title II of the ADA, and the Fourteenth Amendment to the United States Constitution;

B. Issue preliminary and permanent injunctive relief ordering Defendant MassAbility to immediately approve, execute, and fully fund Plaintiff's Triple Verified IPE package, including immediate release of independent stabilization, enterprise hardware, physical transport gear, and exhibition logistics funding for Integrity Oxygen Holdings LLC;

C. Issue an order mandating that Defendant and all its agents strictly comply with Plaintiff's ADA Title II Written Communication Directive by transmitting all correspondence exclusively in writing to Plaintiff's designated email and PO Box;

D. Award Plaintiff compensatory damages in an amount to be determined at trial for the economic and operational harm caused by Defendant's unlawful delay and obstruction;

E. Award Plaintiff costs of suit and any reasonable expenses permitted by law; and

F. Grant such other and further relief as this Court deems just, equitable, and proper.

VII. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

VIII. VERIFICATION

I, Terence Nashawn Glenn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in the above captioned action, that I have read the foregoing Verified Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 8th day of November, 2026.

Respectfully submitted,

/s/

Terence Nashawn Glenn, Pro Se

Lead Architect and CEO, Integrity Oxygen Holdings LLC

Boston, Massachusetts

Nov. 9th 2026

Calvinthearchitect1@outlook.com